Gerald L. Warren, OSB #814146
gwarren@geraldwarrenlaw.com
Aaron P. Hisel, OSB #161265
ahisel@geraldwarrenlaw.com
901 Capitol St. NE
Salem, OR 97301
  Telephone: (503) 480-7252
  Fax: (503) 779-2716
  Attorneys for Defendant City of Grants Pass

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| DEBRA BLAKE, an individual, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF GRANTS PASS,<br><br>          Defendant. | Case No. 1:18-cv-01823-CL<br><br>**CITY OF GRANTS PASS'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to plaintiffs' Complaint, the City of Grants Pass ("City") hereby admits, denies and alleges as follows:

1.

Denies paragraphs 1, 2 and 3.

2.

In response to paragraph 4, this is plaintiff's jurisdictional and venue allegations to which no response is required.

3.

In response to paragraph 5, admits that plaintiff has described herself as homeless but the City is without sufficient knowledge or information to know the truth of the allegation and on this basis, denies.

Page 1 – **CITY OF GRANTS PASS'S ANSWER TO PLAINTIFF'S COMPLAINT**

4.

In response to paragraph 6, admits that the City is a municipal corporation with all the rights, duties and obligations of a public body under the laws of the State of Oregon but except as so admitted, denies the allegations.

5.

In response to paragraphs 7, 8, 9, 10, 11, 12, 13 and 14, the City is without sufficient knowledge or information as to the details alleged other than to admit that individuals have been identified as homeless and that services available are occasionally exceeded by the needs but except as so admitted, denies the allegations.

6.

In response to paragraphs 15, 16, 17 and 18, the City is without sufficient knowledge or information to admit or deny the allegations other than to admit that plaintiff has been charged for a variety of criminal conduct including burglary, criminal mischief and possession of controlled substances and has been subject to criminal prosecution by the District Attorney's office for the crimes committed. Except as so admitted, denies the allegations.

7.

In response to paragraph 19, admits that a violation citation was issued to plaintiff for sleeping in the alley near 620 SE J Street in Grants Pass, Oregon but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

8.

In response to paragraph 20, admits that on September 24, 2014, plaintiff was issued a violation citation for prohibited camping at or near 311 SE G Street in Grants Pass in violation of Grants Pass Municipal Code (GPMC) 5.61.030 but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

9.

In response to paragraph 21, admits that on October 4, 2014, plaintiff was issued a violation citation for prohibited camping at or near 431 NE D Street in Grants Pass in violation of GPMC 5.61.030 but the City is without suifficient knowledge or information as to the remaining allegations and on this basis, denies.

10.

In response to paragraph 22, admits that on October 28, 2015, plaintiff was arrested for Burglary I, Criminal Trespass I and Criminal Mischief II after unlawfully entering a dwelling at 1555 NE A Street in Grants Pass and was charged by the District Attorney for the crimes committed but the City is without sufficient knowledge or information to admit or deny the remaining allegations and on this basis, denies.

11.

In response to paragraph 23, admits that on May 1, 2016 plaintiff having been previously trespassed from private property located at 201 NE 8th Street in Grants Pass was cited for Criminal Trespass in violation of ORS 164.245(A) but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

12.

In response to paragraph 24, admits that on July 17, 2018, plaintiff was issued a violation citation for camping in Riverside Park in violation of GPMC 6.46.090 but the City is without sufficient knowledge or information at this time to admit or deny the remaining allegations and on this basis, denies.

13.

In response to paragraphs 25 and 26, the City is without sufficient knowledge or information to admit or deny the allegations and on this basis, denies.

14.

Denies paragraphs 27, 28, 29, 30, 31 and 32.

15.

In response to paragraphs 33 and 34, the Grants Pass Municipal Code speaks for itself and this appears to be accurately summarized in part but does omit that any violation of the GPMC sections cited is not treated as a crime but merely a violation, thereby having no relevance to any the Eighth Amendment allegations.

16.

In response to paragraphs 35, 36, 37, 38, 39, 40, 41, 42 and 43, these are plaintiff's legal theories regarding her proposed class action status and conclusory allegations but the City denies there is any basis for class action certification or the conclusions alleged and on this basis, denies.

17.

In response to paragraphs 44 and 45, admits that a single letter was sent to the City of Grants Pass City Attorney dated September 10, 2018 but denies that any counsel for plaintiff made any serious effort to resolve plaintiff's complaints or concerns prior to filing this lawsuit.

18.

In response to paragraph 46, the City admits and denies as alleged above in response to paragraphs 1 through 45.

19.

In response to paragraphs 47, 48, 49, 50, 51, 52 and 53, these are plaintiff's legal theories and conclusions to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

20.

In response to paragraph 54, the City admits and denies as alleged above in response to paragraphs 1 through 53.

21.

In response to paragraphs 55, 56, 57, 58, 59, 60 and 61, these are plaintiff's legal theories and conclusory allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

22.

In response to paragraph 62, the City admits and denies as alleged above in response to paragraphs 1 through 61.

23.

In response to paragraphs 63, 64, 65 and 66, these are plaintiff's legal theories and conclusory allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

24.

In response to paragraph 67, the City admits and denies as alleged above in response to paragraphs 1 through 66.

25.

Denies paragraphs 68, 69 and 70.

FOR A FIRST AFFIRMATIVE DEFENSE, defendant City alleges:

(Statute of Limitations)

26.

Plaintiff appears to be seeking to impose liability for conduct that occurred outside of the applicable statute of limitations and if so, such claims are barred.

FOR A SECOND AFFIRMATIVE DEFENSE, defendant City alleges:

(*Heck* Doctrine)

27.

Plaintiff was convicted of crimes that have not been set aside or overturned on appeal such that any claims arising out of the conduct for which plaintiff was convicted are barred by the *Heck* doctrine.

FOR A THIRD AFFIRMATIVE DEFENSE, defendant City alleges:

(Laches)

28.

To the extent plaintiff is seeking to invoke an equitable remedy for conduct that occurred several years ago, plaintiff's remedy is barred by the doctrine of laches.

WHEREFORE, having fully responded to plaintiffs' Complaint, defendant City of Grants Pass requests judgment in its favor, the denial of class certification and an award of costs and attorney fees as the prevailing party under 42 U.S.C. § 1988.

DATED this 29th day of November, 2018.

                                                   s/ Gerald L. Warren
                                                   Gerald L. Warren, OSB #814146
                                                   Of Attorneys for Defendant City of Grants Pass

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT CITY OF GRANTS PASS'S ANSWER TO PLAINTIFF'S COMPLAINT on:

Walter F. Fonseca
Oregon Law Center
P.O. Box 429
Grants Pass, OR 97528

Edward Johnson
Oregon Law Center
522 SW 5th Ave., Ste. 812
Portland, OR 97204
    Attorneys for Plaintiffs

by the following indicated method or methods:

☒     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

☐     by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

☐     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to each attorney's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 29th day of November, 2018.

                                                       s/ Gerald L. Warren
                                            Gerald L. Warren, OSB #814146
                                            Of Attorneys for Defendant City of Grants Pass