Gerald L. Warren, OSB #814146
*gwarren@geraldwarrenlaw.com*
Aaron P. Hisel, OSB #161265
*ahisel@geraldwarrenlaw.com*
901 Capitol St. NE
Salem, OR 97301
  Telephone: (503) 480-7252
  Fax: (503) 779-2716
   Attorneys for Defendant City of Grants Pass

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| DEBRA BLAKE, GLORIA JOHNSON, JOHN LOGAN, individuals, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>  v.<br><br>CITY OF GRANTS PASS,<br><br>               Defendant. | Case No. 1:18-cv-01823-CL<br><br>**CITY OF GRANTS PASS'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**(Request for Jury Trial)** |

For its Answer to plaintiffs' Third Amended Complaint, the City of Grants Pass ("City") hereby admits, denies and alleges as follows:

1.

Denies paragraphs 1, 2 and 3.

2.

In response to paragraph 4, these are plaintiffs' jurisdictional and venue allegations and legal conclusions to which no response is required.

3.

In response to paragraph 5, admits that plaintiff Blake has described herself as homeless

but the City is without sufficient knowledge or information to know the truth of the allegation and on this basis, denies.

4.

In response to paragraph 6, admits that plaintiff Johnson has described herself as homeless but the City is without sufficient knowledge or information to know the truth of the allegation and on this basis, denies.

5.

In response to paragraph 7, admits that plaintiff Logan has described himself as homeless but the City is without sufficient knowledge or information to know the truth of the allegation and on this basis, denies.

6.

In response to paragraph 8, admits that the City is a municipal corporation with all the rights, duties and obligations of a public body under the laws of the State of Oregon but except as so admitted, denies the allegations.

7.

In response to paragraphs 9, 10, 11, 12, 13, 14, 15, 16 and 17, the City is without sufficient knowledge or information as to the details alleged other than to admit that individuals have been identified as homeless and that social services available in the City are occasionally exceeded by the needs but except as so admitted, denies the allegations.

8.

In response to paragraphs 18, 19, 20 and 21, the City is without sufficient knowledge or information to admit or deny the allegations other than to admit that plaintiff Blake has been charged for a variety of criminal conduct including burglary, criminal mischief and possession of

controlled substances and has been subject to criminal prosecution by the local District Attorney's office for the crimes committed. Except as so admitted, denies the allegations.

9.

In response to paragraph 22, admits that a citation was issued for a violation of Grants Pass Municipal Code (GPMC) 5.61.020 to plaintiff Blake for sleeping in the alley near 620 SE J Street in Grants Pass, Oregon but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

10.

In response to paragraph 23, admits that on September 24, 2014, plaintiff Blake was issued a violation citation for prohibited camping at or near 311 SE G Street in Grants Pass in violation of GPMC 5.61.030 but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

11.

In response to paragraph 24 (first), admits that on October 4, 2014, plaintiff Blake was issued a violation citation for prohibited camping at or near 431 NE D Street in Grants Pass in violation of GPMC 5.61.030 but the City is without suifficient knowledge or information as to the remaining allegations and on this basis, denies.

12.

In response to paragraph 25 (first), admits that on May 1, 2016 plaintiff Blake having been previously trespassed from private property located at 201 NE 8th Street in Grants Pass was cited for Criminal Trespass in violation of ORS 164.245(A) but the City is without sufficient knowledge or information as to the remaining allegations and on this basis, denies.

13.

In response to paragraph 24 (second), admits that on July 17, 2018, plaintiff Blake was issued a violation citation for camping in Riverside Park in violation of GPMC 6.46.090 and on July 24, 2018 was arrested for conduct in violation of a no-trespass Order and transported to jail, but the City is without sufficient knowledge or information at this time to admit or deny the remaining allegations and on this basis, denies.

14.

In response to paragraphs 25 (second), 26, 27, 28 and 29, the City is without sufficient knowledge or information to admit or deny the allegations and on this basis, denies.

15.

In response to paragraph 30, the City admits that a ticket was issued to plaintiff Johnson for a violation of GPMC 6.46.090 on October 12, 2017 and that such ticket appears for unknown reasons not to have been forwarded to Circuit Court but except as so admitted, denies the remaining allegations.

16.

In response to paragraph 31, the City has no record of such contact and upon search for substantiating information found none. On this basis, City denies the allegations.

17.

In response to paragraph 32, the City admits that plaintiff Johnson has had numerous contacts with law enforcement but absent more specifics, the City denies the allegations.

18.

Denies paragraphs 33, 34 and 36 (no paragraph 35 was alleged).

19.

In response to paragraphs 37, 38, 39 and 40, the City is without sufficient knowledge or information to admit or deny the allegations and on this basis, denies.

20.

Denies paragraphs 41, 42, 43, 44, 45, 46, 47, 48, and 49.

21.

In response to paragraphs 50 and 51, the Grants Pass Municipal Code speaks for itself and appears to be accurately summarized in part but does omit that any violation of the GPMC sections cited is not treated as a crime but only a violation, thereby having no relevance to any of plaintiffs' Eighth Amendment allegations.

22.

In response to paragraphs 52, 53, 54, 55, 56, 57, 58, 59 and 60, these are plaintiffs' legal theories and conclusions regarding the proposed class action status and conclusory legal allegations but the City denies there is any basis for class action certification or the conclusions alleged and, on this basis, denies.

23.

In response to paragraphs 61 and 62, admits that a single letter was sent to the City of Grants Pass City Attorney dated September 10, 2018 but denies that any counsel for plaintiffs made any serious effort to resolve any plaintiff's complaints or concerns prior to the filing of this lawsuit.

24.

In response to paragraph 63, the City admits and denies as alleged above in response to paragraphs 1 through 62.

25.

In response to paragraphs 64, 65, 66, 67, 68, 69 and 70, these are plaintiffs' legal theories and conclusions to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

26.

In response to paragraph 71, the City admits and denies as alleged above in response to paragraphs 1 through 70.

27.

In response to paragraphs 72, 73, 74, 75, 76, 77 and 78, these are plaintiffs' legal theories and conclusory allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

28.

In response to paragraph 79, the City admits and denies as alleged above in response to paragraphs 1 through 78.

29.

In response to paragraphs 80, 81, 82 and 83, these are plaintiffs' legal theories and conclusory allegations to which no response is required. To the extent any facts are alleged, they are denied unless admitted hereinabove.

30.

In response to paragraph 84, the City admits and denies as alleged above in response to paragraphs 1 through 83.

31.

Denies paragraphs 85, 86, 87 and 88.

FOR A FIRST AFFIRMATIVE DEFENSE, defendant City alleges:

(Statute of Limitations)

32.

One or more plaintiffs appear to be seeking to impose liability for conduct that occurred outside of the applicable statute of limitations and if so, such claims are barred.

FOR A SECOND AFFIRMATIVE DEFENSE, defendant City alleges:

(*Heck* Doctrine)

33.

One or more plaintiffs were convicted of offenses that have not been set aside or overturned on appeal such that any claims arising out of the conduct for which such plaintiff was convicted are barred by the *Heck* doctrine.

FOR A THIRD AFFIRMATIVE DEFENSE, defendant City alleges:

(Laches)

34.

To the extent plaintiffs are seeking to invoke an equitable remedy for conduct that occurred several years ago, plaintiffs' remedy is barred by the doctrine of laches.

WHEREFORE, having fully responded to plaintiffs' Third Amended Complaint, defendant City of Grants Pass requests judgment in its favor and an award of costs and attorney fees as the prevailing party under 42 U.S.C. § 1988.

DATED this 14th day of November, 2019.

s/ Gerald L. Warren  
Gerald L. Warren, OSB #814146  
Of Attorneys for Defendant City of Grants Pass

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT CITY OF GRANTS PASS'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT on:

Walter F. Fonseca
Oregon Law Center
P.O. Box 429
Grants Pass, OR 97528

Edward Johnson
Oregon Law Center
522 SW 5th Ave., Ste. 812
Portland, OR 97204
    Attorneys for Plaintiffs

by the following indicated method or methods:

☒     by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

☐     by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

☐     by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to each attorney's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 14th day of November, 2019

                                                  s/ Gerald L. Warren
                                           Gerald L. Warren, OSB #814146
                                           Of Attorneys for Defendant City of Grants Pass