IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DEBRA BLAKE, GLORIA JOHNSON,
JOHN LOGAN, individuals, on behalf of
themselves and all others similarly situated,

        Plaintiffs,

    v.

CITY OF GRANTS PASS,

        Defendant.

Case No. 1:18-cv-01823-CL

JUDGMENT

CLARKE, Magistrate Judge.

    This matter came before the Court on cross-motions for summary judgment. Having reviewed all of the pleadings on those motions, having certified a class on August 7, 2019, defined as "all involuntarily homeless individuals living in Grants Pass, Oregon, including homeless individuals who sometimes sleep outside city limits to avoid harassment and punishment by Defendant as addressed in this lawsuit," and for the reasons as explained in the Court's Opinion and Order (#111) dated July 22, 2020, the Court grants plaintiffs' motion for

summary judgment in part and denies it in part and denies defendant's motion for summary judgment. Plaintiffs have since voluntarily dismissed their equal protection and substantive due process claims, which remained unresolved by this Court's July 22, 2020 Opinion and Order. Based upon these proceedings, the court enters the following judgment.

    1.    Grants Pass Municipal Code (GPMC) 6.46.355 fails to provide individuals excluded from Grants Pass parks with adequate procedural due process;

As applied to the Plaintiff class:

    2.    As detailed in the Court's Order and Opinion, Defendants' enforcement of GPMC 5.61.020, 5.61.030, and 6.46.090 violates the Eighth Amendment prohibition against cruel and unusual punishment;

    3.    As detailed in the Court's Order and Opinion, defendants' enforcement of GPMC 5.61.020, 5.61.030, and 6.46.090 violates the Eighth Amendment prohibition against excessive fines;

    4.    Based upon the above determinations, the Court enjoins Defendant from enforcing City Ordinances against the plaintiff class as follows:

    a. Defendant is enjoined from enforcing GPMC 6.46.350 (the park exclusion ordinance);

    b. Defendant is enjoined from enforcing GPMC 5.61.030 and GPMC 6.46.090 (the camping ordinances) without first giving a person a warning of at least 24 hours before enforcement;

    c. Defendant is enjoined from enforcing GPMC 5.61.030, GPMC 6.46.090 (the camping ordinances) and GPMC 5.57.020(A) (criminal trespassing on city property related to parks) from 9:00 p.m. to 7:30 a.m. during the months of April through September and from 7:00 p.m. to 7:30 a.m. during the months of October to March, in all City parks with the exception of Reinhart Volunteer Park located at 1690 SW Webster Rd. The Court's injunction does not apply to the Reinhart Volunteer Park, which the parties have agreed has

unique uses and leaves class members with sufficient alternatives, making this exception appropriate.

5.      Plaintiffs are entitled to reasonable attorney fees and costs to be determined under FRCP 54(d).

IT IS SO ORDERED and DATED this 26th day of August, 2020.


<u>/s/ Mark D. Clarke</u>
MARK D. CLARKE
United States Magistrate Judge