Aaron P. Hisel, OSB #161265
*aaron@capitol.legal*
901 Capitol St. NE
Salem, OR  97301
   Telephone: (503) 480-7250
   Fax: (503) 779-2716
    Attorney for Defendant City of Grants Pass

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| DEBRA BLAKE, an individual, on behalf of herself and all others similarly situated,<br><br>                 Plaintiff,<br><br>v.<br><br>CITY OF GRANTS PASS,<br><br>                 Defendant. | Case No. 1:18-cv-01823-CL<br><br>**STIPULATED JOINT MOTION FOR ORDER APPROVING PROPOSED SETTLEMENT** |

### LR 7-1 CERTIFICATION

The parties have conferred and make this motion jointly.

### MOTION

Pursuant to Fed. R. Civ. P. 23(e), the parties jointly move the Court for an Order approving the compromise reached by the parties.

Given the current posture of this case, the parties initially seek an indicative ruling pursuant to Fed. R. Civ. P. 62.1, whereby the Court states that it would approve the compromise if the Court of Appeals remands for that purpose.

Page 1 – **STIPULATED JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 23(e), settlement of this matter is subject to the court's approval. The parties propose a final compromise of this matter that is conditioned on:

1. The City will not pursue collection of the costs associated with the judgment from the United States Supreme Court;
2. This Court's prior judgments will be vacated (ECF 114, and ECF 132);
3. The amount of $15,000 will be paid from Citycounty Insurance Services to the Oregon Law Center; and
4. If the Ninth Circuit does not dismiss the appeals (20-35752, 20-35881) on its own under Fed. R. App. P. 12.1, the City will voluntarily dismiss the appeals without fees or costs to either party; and
5. This matter will be voluntarily dismissed upon final approval by this Court of the proposed compromise.

Because of the Supreme Court's decision and the fact that the City has repealed the relevant ordinances in this case, the parties deem the remaining matters moot. As a result, the parties have agreed to the proposed compromise through negotiation. With this general background in mind, the parties endeavor to provide the Court with the other information it may need to approve the proposed compromise.

FRCP 23(e)(1): Notice to the Class:

"The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1). Here, notice to the class is not reasonable or justified for several reasons, including:

(1) The class that was certified was a Fed. R. Civ. P. 23(b)(2) class that was allowed to proceed on claims for injunctive and declaratory relief only. (ECF 47, p. 13 (Order certifying class); ECF 50 (operative complaint)). Accordingly, no individual members of the class were ever situated to receive individual compensation.

(2) Through the course of this litigation and pursuant to recent amendments made by the City to the challenged ordinances the respective rights of the parties have been

Page 2 –   **STIPULATED JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**

determined or have become moot at this point. None of those decisions, and none of the elements of the compromise being proposed, bind any individual class members in a manner that would justify prior notice.

FRCP 23(e)(2): Approval of the Proposal:

"If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering" several other elements. Fed. R. Civ. P. 23(e)(2). Here, the proposal does not bind the class members, so no hearing would be required. The other required elements are not an impediment to approving the proposed compromise either:

- FRCP 23(e)(2)(A): The class has been adequately represented.
- FRCP 23(e)(2)(B): The proposed compromise was negotiated at arm's length.
- FRCP 23(e)(2)(C): The relief being provided is fair considering the interests to both sides of this dispute and the manner in which this litigation progressed.

FRCP 23(e)(3): Identifying Agreement:

A copy of the proposed settlement agreement is attached to this Motion as "Exhibit 1."

## CONCLUSION

Given the current appellate posture of this case, the parties respectfully request an indicative ruling where the Court states that if the Court of Appeals remands for the purpose of approving the compromise being proposed by the parties, it would approve that compromise.

**IT IS SO STIPULATED:**

Dated:

*s/Ed Johnson* (used with permission)
Ed Johnson, OSB #965737
Attorney for Plaintiffs

Dated:

*s/Aaron P. Hisel*
Aaron P. Hisel, OSB #161265
Attorney for Defendant City of Grants Pass

Page 3 –   **STIPULATED JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing STIPULATED JOINT MOTIOIN FOR ORDER APPROVING SETTLEMENT AGREEMENT on:

> Walter F. Fonseca
> Oregon Law Center
> P.O. Box 429
> Grants Pass, OR 97528
>
> Edward Johnson
> Oregon Law Center
> 522 SW 5th Ave., Ste. 812
> Portland, OR 97204
>     Attorneys for Plaintiffs

by the following indicated method or methods:

- ☒ by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

- ☒ by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

- by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to each attorney's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this 12th day of September, 2024.

>     s/Aaron P. Hisel
> Aaron P. Hisel, OSB #161265
> Attorney for Defendant City of Grants Pass